CHARLES SOMMER, JR., PLAINTIFF-APPELLANT, v. WORK-INGMEN'S BUILDING AND LOAN ASSOCIATION OF NEWARK, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Submitted February 16, 1940—Decided June 13, 1940.

For the plaintiff-appellant, *Sidney Finkel* and *Benjamin Mayer.*

For the defendant-respondent, *Lowy & Lowy* and *Louis J. Cohen.*

The opinion of the court was delivered by

BODINE, J. The appeal in this case is from a judgment of no cause for action. The case was tried upon the pleadings and a stipulation of fact.

The defendant building and loan association was incorporated under the laws of this state. In April of 1927, the appellant subscribed for shares therein. He sued to recover the amount due thereon on May 6th, 1932, with interest, being the sum of $10,011.80, less the sum of $2,011.80 paid on account December 23d, 1932. He based his right to recover the value of his matured shares on the cases of *Cunningham* v. *Mutual Loan and Building Association,* 72 *N. J. L.* 175; *Ryle* v. *Manchester Building and Loan Association,* 74 *Id.* 840, and *Campbell* v. *Perth Amboy Mutual Loan, &c.,* 76 *N. J. Eq.* 347.

Those cases were all decided under an earlier statute incorporating and regulating building and loan associations. The

subsequent statute of *Pamph. L.* 1932, *ch.* 102, was upheld as constitutional in *Bucsi* v. *Longworth Building and Loan Association,* 119 *N. J. L.* 120; *Rocker* v. *Cardinal Building and Loan Association,* *Id.* 134, and in *Veix* v. *Sixth Ward Building and Loan Association of Newark, New Jersey,* 123 *Id.* 356; *affirmed,* 310 *U. S.* 32; 60 *S. Ct.* 792; 84 *L. Ed.* 1061.

Clearly the reasoning in the Veix case by the United States Supreme Court is applicable to the case at bar and in our judgment the later acts of *Pamph. L.* 1933, *chs.* 48, 166, 258, the operation of which has been continued in effect until May 16th, 1941, by subsequent enactments, *R. S. App.* A:7-3 *et seq.; R. S. Cum. Supp.* (1938-1939) *App.* A:7-15; *Pamph. L.* 1935, *ch.* 59 and *Pamph. L.* 1936, *ch.* 118 (*N. J. S. A.* 17:12-53) are constitutional and effective. Clearly the judgment appealed from was proper.

In the Veix case, Mr. Justice Reed aptly said: "The power of the state to protect its citizens by statutory enactments affecting contract rights, without a violation of the contract clause of the Constitution is analogous to the power often reserved to amend charters. Under this reserved power, it is held that the relations between a stockholder or certificate holder and the corporation may be varied without impairing the contract existing between the corporation and its stockholder or member. *Wright* v. *Minnesota Mutual Life Insurance Co.,* 193 *U. S.* 657, 663; *Polk* v. *Mutual Reserve Fund,* 207 *U. S.* 325; *Stockholders* v. *Sterling,* 300 *U. S.* 175, 183."

Threatened insolvency of building and loan associations demanded legislation which "need not be temporary." Such legislation barred recovery in the instant case in the "public interest."

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 15.

*For reversal*—None.